IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case Nos. 07-20131-CM |
| TYRONE HUTCHERSON, ) | 09-2569-CM |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Tyrone L. Hutcherson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 37) and Motion to Appoint Counsel (Doc. 39). The court first takes up defendant's habeas petition.

### I. § 2255 Motion

In its response to defendant's § 2255 motion, the government asks the court to enforce defendant's waiver of the right to bring a § 2255 motion contained in defendant's plea agreement. For the following reasons, the court enforces the waiver and denies defendant's motion.

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir.

2004).

**A. Scope of Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The pertinent provision in defendant's plea agreement provides:

> The defendant retains the right to appeal any determination by the district court that the instant offense is a "crime of violence" for sentencing purposes; otherwise, he knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence(s) to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence. By entering into this agreement, he knowingly waives any right to appeal a sentence imposed that is within the guideline range determined appropriate by the court except as reserved in the first sentence of this paragraph. He also waives any right to challenge his conviction or sentence (or the manner in which either was determined) in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], as well as any motion brought under 18 U.S.C. § 3582(c)(2) and/or Fed. R. Civ. Pro 60(b). In other words, he waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable guideline range determined by the court. . . .

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343.

Here, defendant states that he received ineffective assistance of counsel because he asked counsel to investigate a discrepancy in the date of his arrest but counsel failed to investigate. He claims this same failure to investigate resulted in a violation of Rule 5, and that counsel should have

objected to his arrest.

Although defendant claims that his counsel was ineffective, he does not clearly claim that the alleged ineffectiveness affected the validity of the plea agreement or waiver. Rather, he appears to make a general ineffectiveness claim that falls within the express provisions of the plea agreement waiver. The closest defendant comes to alleging that counsel's ineffectiveness affected plea negotiations is his statement in his reply brief that "at the time of his pleading counsel wasn't clear to all facts related to said case." Out of an abundance of caution, and in light of the court's duty to construe *pro se* filings liberally, the court will consider this an argument that may go to the effectiveness of counsel during plea agreement negotiations. The court will therefore consider whether counsel was ineffective in the "miscarriage of justice" portion of this Memorandum and Order.

## B. Knowing and Voluntary

Defendant acknowledged that he was entering into the plea agreement knowingly and voluntarily both during the plea hearing and in the plea agreement itself. Moreover, in his briefs, defendant has not claimed lack of knowledge or voluntariness. The court recalls the change of plea hearing, and finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that defendant voluntarily and knowingly entered a plea. *See Hahn*, 359 F.3d at 1325 (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement). Nothing in the record suggests that defendant's plea or waiver was unknowing or involuntary.

## C. Miscarriage of Justice

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in

conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Defendant bears the burden of showing that one of these factors is met. *Anderson*, 374 F.3d at 959 (citation omitted).

Defendant does not attempt to explain how failing to enforce the plea agreement waiver would result in a miscarriage of justice in this case. As mentioned above, however, to the extent that defendant's argument can be construed to suggest that counsel was ineffective in negotiating the plea agreement because he failed to first investigate the date of defendant's arrest, the court will consider whether defendant received ineffective assistance of counsel in this case.

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the

-4-

[petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

Applying the *Strickland* standard, the court considers defendant's claim. Even assuming that counsel failed to look into the actual date that defendant was arrested before entering into a plea agreement, the court cannot conclude that counsel's performance was deficient or that defendant was prejudiced. Federal Rule of Criminal Procedure 5(a) provides that a defendant must be taken before a judicial officer "without unnecessary delay." Generally, if a delay is less than 48 hours, the court will find it reasonable. *See County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). If defendant is correct that he was arrested on May 3, 2008 instead of May 8, 2008, then more than 48 hours passed before his first appearance on May 9, 2008.

While this length of detention may violate Fed. R. Crim. P. 5(a), the remedy is not to vacate defendant's conviction. *See Cortez v. United States*, No. 93-2799, 1994 WL 66658, at *2 (8th Cir. Mar. 8, 1994) (holding that an Rule 5(a) "unnecessary delay" claim is not cognizable in a § 2255 motion). *Cf. United States v. Garcia-Echaverria*, 374 F.3d 440, 452–53 (6th Cir. 2004) (citations omitted) ("While a finding of collusion between the prosecution and deportation authorities would indicate that Fed. R. Crim. P. 5(a) was violated, Garcia-Echaverria would not be entitled to have his indictment dismissed on that basis."). Rather, if defendant had confessed during that time period, it is possible that evidence of the confession should have been suppressed. *See, e.g., McNabb v. United States*, 318 U.S. 332, 341 (1943); *Mallory v. United States*, 354 U.S. 449, 455 (1957). Defendant, however, has not alleged that he confessed during that time period or otherwise provided the government with evidence that would be suppressed. Nor has defendant alleged that he would not have pleaded guilty had counsel investigated his arrest date before entering into the plea agreement. Defendant therefore has not shown prejudice suffered as a result of his attorney's

-5-

inaction.

Additionally, defendant states that he made counsel aware of the alleged discrepancy at the time he received the presentence investigation report—well after entering into the plea agreement. Defendant does not suggest that counsel would have had any way to know that defendant disputed his recorded arrest date prior to that time. In the absence of a red flag suggesting that the date was incorrect, the court determines that counsel was not ineffective for failing to question the arrest date on official court documents.

After considering all of the circumstances in this case, the court finds no miscarriage of justice will result from enforcing the waiver provision. Defendant is bound by his plea agreement waiver. To the extent that defendant's argument falls outside of the plea agreement waiver, defendant is not entitled to habeas relief for the same reasons discussed in the "miscarriage of justice" section above.

**D. Evidentiary Hearing**

The record before the court conclusively shows that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**II. Motion to Appoint Counsel**

Defendant asks the court to appoint counsel for him so that counsel could help him obtain information for this case. But beyond the direct appeal of a conviction, there is no constitutional right to counsel. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994). Unless an evidentiary hearing is required, the court has discretion whether to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B). Because an evidentiary hearing on this matter is unnecessary, and defendant's

filings indicate that he is capable of effectively articulating his claims, the court denies his request to appoint counsel.

Defendant alternatively asks for the court to order production of documents relating to his arrest. These documents are not necessary to a determination of whether the court should enforce the plea agreement waiver or whether counsel was ineffective, and the court denies defendant's request.

**IT IS THEREFORE ORDERED** that defendant Tyrone L. Hutcherson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 37) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion to Appoint Counsel (Doc. 39) is denied.

Dated this 25th day of January 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**